## 35821. ROCKDALE COUNTY SCHOOL DISTRICT et al. v. WEIL.

BOWLES, Justice.

This appeal is from an order of Rockdale Superior Court denying appellant's motion to dismiss and motion to dissolve the temporary restraining order. Appellant is the Rockdale County Board of Education and its members.

In April, 1979, appellee Joseph H. Weil, Jr. entered into an employment contract with the appellant school board for a period of time from July 1, 1979, until June 30, 1980, which contract provided that Weil was assigned to duty at J. H. House School in Conyers, Georgia, "but the employer reserves the right to effect a transfer at any time to any school under the jurisdiction of the employer." Weil served as principal at J. H. House School from 1971, until August, 1979, by virtue of successive annual contracts.

On August 2, 1979, a meeting of the school board convened and agreed to transfer Weil from J. H. House School to coordinator of a new alternative school program within the system, with a salary increase of $500 *per annum.* As principal of J. H. House School, Weil was responsible for the supervision and training of several hundred students, exercised managerial authority over 64 employees and was directly responsible to the superintendent of schools. In the position of coordinator of the alternative school program, Weil would be responsible for the supervision and training of approximately 20 students, would exercise managerial authority over only one employee and would report to one of the superintendent's subordinates.

When Weil learned of the transfer, he objected and requested a hearing. A hearing was scheduled for August 14, 1979, at which time Weil presented sworn testimony in support of his objections. The school board took the position that because the transfer was not a demotion, Weil was not entitled to a formal due process hearing and accordingly presented no sworn testimony or evidence.

After hearing Weil's evidence, the school board refused to reconsider its actions and rendered its final determination.

Weil filed a petition for certiorari in Rockdale Superior Court alleging that the school board failed to comply with the procedures for demotion set forth in Code Ann. § 32-2101c et seq. He prayed that he be given an opportunity to demonstrate that his demotion was improper, illegal and without just cause. He prayed that he be allowed to continue as principal of J. H. House School and that the school board be restrained from filling the vacancy at J. H. House School until the matter could be finally determined by the court.

The court heard Weil's petition, and found that the action taken on August 2, 1979, by the school board amounted to a marked diminution in the responsibility and prestige of Weil, and accordingly constituted a demotion. Holding that any reassignment which involves a diminution of responsibility, prestige and/or salary is a demotion and cannot be effected by a local school board without holding a due process hearing pursuant to Code Ann. § 32-2101c, the trial court declared the action taken by the school board to be illegal and of no force and effect. It ordered that the school board could remove Weil from his position as principal only by following the procedures set out in Code Ann. § 32-2101c. It enjoined the appellants from taking any action to prevent Weil from performing his contracted for duties as principal of J. H. House School and from appointing or allowing any other individual to fill the position. Appellants' subsequent motion to dismiss and motion to dissolve the temporary restraining order were denied. We reverse the denial of the motion to dissolve the temporary restraining order.

1. Appellee had the right under the circumstances of this case to elect to proceed by writ of certiorari to the superior court or appeal to the State Board of Education as provided in Code Ann. § 32-910. "The remedy of certiorari from a judicial decision of a county board of education is available directly to the superior court without first exhausting the authorized appeal to the State Board of Education as provided by Ga. L. 1961, p. 39, Section 1." *Morman v. Pritchard,* 108 Ga. App. 247 (1c) (132 SE2d

561) (1963).

2. Code Ann. § 32-2101c sets forth the notice and hearing procedures for termination, suspension or demotion of teachers, principals and other employees having contracts for a definite term. The problem arises as to what action by the school board amounts to a demotion, so as to require the procedures for due process to be used. Demotion is not defined in Code Ann. § 32-2101c. However, Code Ann. § 32-2104c provides:

"In exercising its powers in the enforcement of due process under this Chapter, a local board of education shall be authorized: . . .

"(b) Under section 32-2103c, to: . . .

"(3) Demote a teacher or other school employee from one position in the school system to another position in the school system having less responsibility, prestige and salary . . ."

The statute is clear that all three features must be affected — responsibility, prestige and salary — for a transfer to be considered a demotion. Code Ann. § 32-2104c goes on to provide that, "nothing in this Chapter shall be construed as depriving local school boards and other school officials from assigning and reassigning teachers and other certificated professional employees from one school to another or from assigning and reassigning teachers to teach different classes or subjects." This shows legislative intent not to place an undue burden on the local school board to establish just cause for a transfer which is not viewed by that body to be a demotion. It stands to reason that a transfer to a new position with a higher salary is not a demotion. In order to operate a school system, the local board of education must be able to reassign people to various jobs. If each employee who dislikes his particular assignment is entitled to a hearing under Chapter 32-21C, the school system could not effectively function.

Accordingly, we find the trial court erred in holding that Weil was entitled to a hearing on his transfer from J. H. House School to the new alternative school, and in enjoining the appellants from effecting the transfer.

*Judgment reversed. All the Justices concur, except Nichols and Hill, JJ., who dissent.*

ARGUED JANUARY 22, 1980 — DECIDED APRIL 22, 1980 — REHEARING DENIED MAY 7, 1980.

*Vaughn & Barksdale, Clarence Vaughn, Weekes, Candler, Sams & Weatherly, Gary M. Sams, R. Phillip Shinall, III,* for appellants.
*George H. Connell, Jr.,* for appellee.

HILL, Justice, dissenting.

In Division 2, the majority say that in order for a change of position to be a demotion within the meaning of Code Ann. § 32-2103c, the new position must have "less responsibility, prestige *and* salary" (emphasis supplied), and consequently that a change of position at a higher salary is not a demotion regardless of the fact that it may have less responsibility and prestige.[1] By parity of reasoning it would follow that a change of position with more responsibility and a lower salary would not be a demotion. Similarly, a change of position with less responsibility and less prestige but at the same salary would not be a demotion, according to the majority. With these consequences, I cannot agree. I would hold that the employee in this case was entitled to a hearing before the local board of education on the question of whether or not his transfer constituted a demotion. I therefore respectfully dissent.

---

[1] In these days of skyrocketing inflation, a raise of $500 per year, or $42 per month, may not have been the raise a school principal was entitled to receive if he had been allowed to retain his position.