### 59535. MORRIS BROWN COLLEGE v. WALKER.

McMURRAY, Presiding Judge.

Mrs. Julia M. Walker had served Morris Brown College many years as a teacher and as the college minister. During June, 1976, her employment contract for the preceding school year had expired. When she received from the college a notice of appointment which, when signed, would be her employment contract for the 1976-77 school year, this document stated her title as "dormitory directress" rather than college minister. She struck through the designated title, added a notation that she was certain the title written on the notice of appointment was in error and signed and returned the form to the college.

Mrs. Walker was subsequently told that a new college minister had been employed to replace her in that position, and the title placed on the appointment form was no error. She objected to this however on the basis of her dedication to the ministry and her desire to continue participating in the spiritual counseling of the students. Negotiations between Mrs. Walker and the college president resulted in Mrs. Walker's signing a notice of appointment assigning her the title of "dormitory counselor." Mrs. Walker contends that in discussing her duties as "dormitory counselor" the college president advised her she would be able to assist the campus minister "and you may provide religious counseling in the dormitories." She subsequently talked with the campus minister and they divided the work of the ministry at the college.

Upon the beginning of the school year Mrs. Walker contends she attempted to perform the duties of the position of "dormitory counselor" as she understood them which involved sharing of responsibilities as to the ministry and counseling on the campus. She

further contends, however, that she was thereafter completely removed from any connection with the campus ministry by the vice president of Student Affairs, who was Mrs. Walker's supervisor, and instructed to undertake other duties totally unrelated to the ministry. Mrs. Walker had numerous conflicts with this supervisor during the previous months which she (Mrs. Walker) termed as "pettiness."

She declined to undertake those duties and subsequently brought this action for damages against the college and its president, alleging wilful and malicious termination of her employment as college minister.

Upon the trial a verdict was directed in favor of the defendant college president and against the plaintiff. The jury returned a verdict in favor of the plaintiff and against the defendant college for $45,000 and the trial court's judgment thereon followed.

The defendant college appeals, enumerating as error the trial court's refusal to grant its motions for directed verdict and for judgment notwithstanding the verdict, or, in the alternative, motion for a new trial. The defendant college argues that there was no evidence before the jury as to any agreement for plaintiff's services as college minister for a fixed period and therefore the presumption arose that she was an employee under an indefinite hiring and terminable at will. See in this regard *Elliott v. Delta Air Lines, Inc.,* 116 Ga. App. 36 (156 SE2d 656) and *Clark v. Prentice-Hall, Inc.,* 141 Ga. App. 419 (233 SE2d 496). Plaintiff argues that this contention overlooks her testimony that she had served as college minister for several years and the provisions of the Morris Brown College handbook. This handbook provides that the president of the college shall reappoint annually such individuals as plaintiff so long as their services are satisfactory. She further contends the handbook provides that prior to termination of any employee in a position such as plaintiff's the employee was entitled to be furnished with the written charges which constitute the basis for dismissal and to have the right to appeal to the executive board of trustees. See *Gary v. Central of Georgia Railway Co.,* 37 Ga. App. 744 (1) (141 SE 819). *Held:*

The plaintiff was not terminated nor discharged nor removed from employment by the college, although she was assigned a position different from that in which she had served in the past. The evidence as to the nature of the duties of the dormitory counselor position is in conflict, but it is uncontradicted that the new position carried with it a slightly higher compensation than plaintiff's former position of college minister. In order for an organization as complex as a modern college to function properly, the administrator must be

able to reassign people to various jobs. The college handbook provided no right to a hearing to an employee who dislikes her particular assignment because she, as the plaintiff in the case sub judice, feels that a new assignment carries with it less prestige or professional satisfaction. "It stands to reason that a transfer to a new position with a higher salary is not a demotion." *Rockdale County School District v. Weil,* 245 Ga. 730, 732 (2) (266 SE2d 919). The uncontradicted evidence discloses that plaintiff's separation from the college resulted from her refusal to perform the duties of her new assignment rather than from any breach of contract on the part of the college. Therefore, the trial court erred in failing to grant defendant's motion for directed verdict.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MARCH 11, 1980 — DECIDED JUNE 20, 1980 — REHEARING DENIED JULY 11, 1980 — ▆▆▆▆▆▆▆▆

*Reuben T. Bussey, Jr.,* for appellant.
*Jack N. Sibley,* for appellee.