73562. ELLIS-ADAMS v. WHITFIELD COUNTY BOARD OF EDUCATION.
(356 SE2d 219)

BENHAM, Judge.
With a series of related enumerations of error, Gilda Ellis-Adams appeals from an adverse decision of the Whitfield County Board of Education, which was affirmed by the State Board of Education and by the Whitfield County Superior Court. At the heart of this controversy is a determination by the local board that appellant had been "transferred" rather than "demoted," and that she was not therefore entitled to a due process hearing under the Georgia Fair Dismissal Law. OCGA § 20-2-940 et seq. Though enumerated separately, appellant's claims of error are part and parcel of one main argument; therefore, the enumerations will be treated as one.

At the time of the incident in question, Ellis-Adams had been a teacher for over twelve years. For the last five of those years, she was Language Arts Coordinator of the Whitfield District Schools, with responsibility for coordinating programs in the sixteen-member school district. On April 15, 1985, she was notified by the superintendent of her reassignment as a classroom teacher. Being dissatisfied with that decision, appellant requested a hearing before the school board pursuant to OCGA § 20-2-940 et seq. That request was granted, but the proceedings were limited to a consideration of whether she had been "transferred" or "demoted," and the issue of "cause" was specifically excluded from the hearing. It is that limitation which forms the basis of the issue before us.

Under OCGA § 20-2-943 (a) (2) (C) and *Rockdale County School Dist. v. Weil*, 245 Ga. 730 (266 SE2d 919) (1980), demotion takes

place when there is a reduction in responsibility, prestige, and pay. The absence of any one of those necessary elements deprives the employee of an absolute right to a hearing as is prescribed in the Georgia Fair Dismissal Law. Since it has been stipulated that the change in appellant's position did amount to a reduction in prestige and responsibility, we are left with the task of determining whether there has been a reduction in pay. Unfortunately, since there has been very little litigation of this issue in Georgia courts, other than the skeletal framework provided in *Rockdale County School Dist. v. Weil*, supra, and *Morris Brown College v. Walker*, 155 Ga. App. 236 (270 SE2d 464) (1980), we are left to add flesh to the bone, and in doing so, we turn to decisions of federal courts and of the other state courts.

We find most instructive the recent Eleventh Circuit Court of Appeals' opinion in *Hatcher v. Bd. of Public Education*, ___ F2d ___ (Case No. 86-8049, decided February 17, 1987). Although the case was decided under 42 USCA 1983 and on federal constitutional grounds, we find grist for our mill in the excellent analysis provided therein. At p. 1571 of that slip opinion, the Eleventh Circuit succinctly states that "Georgia law creates a property interest in continued employment for tenured teachers that may not be denied without granting certain substantive and procedural due process rights. OCGA § 20-2-942 (b) (1) provides that: '[a] teacher who accepts a school year contract for the fourth consecutive school year from the same local board of education may be demoted or the teacher's contract may not be renewed only for those reasons set forth in subsection (a) of Code Section 20-2-940.' OCGA § 20-2-940 (a) provides several acceptable reasons for demotion, including any 'good and sufficient cause.' A property interest is created by Georgia law whenever the teacher may be demoted or terminated only for cause. [Cit.]"

In *Hatcher*, at page 1572, footnote 9, Judge Kravitch stated that even though the salary involved in that case remained the same, there was an adverse impact on retirement benefits which amounted to a reduction in pay; therefore, a demotion had taken place. While we feel that application of the analytical framework of *Hatcher* would be sufficient to require a reversal of this case, we choose to provide a broader rule for measuring whether there has been a decrease in pay, a rule that fosters observance of the procedural safeguards under the Georgia Fair Dismissal law rather than avoidance of them. In doing so, we have looked to decisions in other states to see how demotions have been handled.

In *Hayes v. Orleans Parish School Bd.*, 225 S2d 131 (La. App.) (1969) and *Perkins v. Director of Personnel*, 220 S2d 253 (La. App.) (1969), the Court of Appeals of Louisiana ruled that reallocation to a lower classification and yearly salary amounted to a demotion. In *Norwin School Dist. v. Chlodney*, 37 Pa. 284 (390 A2d 328) (1978), a

reduction from full-time to half time status with a corresponding decrease in pay amounted to a demotion. In *Smith v. School Dist. of Darby*, 388 Pa. 301 (130 A2d 661) (1957), an assignment without annual increments of increase amounted to demotion.

From these cases we discern a clear rule: in determining whether there has been a demotion, we look to whether there has been a decrease in responsibility, prestige, and pay (*Rockdale County School Dist. v. Weil*, supra); and in determining whether a decrease in pay has taken place, we must look to the totality of the circumstances to see whether there has been a measurable adverse impact on the employee's pay. Determining factors must go beyond mere cosmetic changes, and may include but are not limited to failure to provide normal increments of pay, downward adjustments in pay, decreased working hours, and decreases in employee benefits.

The record in the present case shows that in reassigning appellant, the superintendent of schools devised a method of payment whereby appellant would make the same amount during the 1985-1986 school year as she made during the 1984-1985 school year. That was accomplished by giving her a $5,568.80 reassignment fee. When questioned about this matter at the hearing, the superintendent testified as follows:

"Q. [W]hy did you give Ms. Ellis-Adams a transfer supplement this year?

A. Again, to match the promise that I'd made that her salary would remain the same and would not be lowered.

Q. Why did you promise to keep her salary the same for next year?

A. Because the fact that it was a transfer.

Q. To make it a transfer?

A. That's correct."

As a regular classroom teacher, appellant would make $24,028; with the addition of the reassignment supplement of $5,568.80, she would earn $29,596.80. Had she remained in the position of Language Arts Coordinator, she would have made $32,829.60; however, the coordinator position was a twelve-month position requiring summer duties, whereas the teaching position required no summer duties. The difference in pay was due to the summer duties. In sum, appellant would make $3,232.80 less per calendar year as a classroom teacher than she would make as a Language Arts Coordinator.

Applying the rule we announce above to the facts of the present case, we note that appellant has suffered both a downward adjustment in pay ($3,232.80 less per calendar year) and a decrease in working hours (from full-year employment to school-year employment only). Therefore, we reverse the decision of the trial court and rule that appellant suffered a demotion and is entitled to a hearing as is

provided in the Georgia Fair Dismissal Law.

*Judgment reversed. McMurray, P. J., Banke, P. J., and Sognier, J., concur. Carley and Beasley, JJ., concur in judgment only. Birdsong, C. J., Deen, P. J., and Pope, J., dissent.*

DEEN, Presiding Judge, dissenting.

"I have not been able to bring my mind to concur with my associates in the judgment rendered in this cause. This is to me a source of sincere regret. I esteem it a personal misfortune. I have labored to see this question in the light in which they view it, but have been unable to attain to the same conviction. With profound respect for them, and sincere distrust of the justness of my own conclusions, I am constrained to dissent." *Tuttle v. Walton*, 1 Ga. 43, 56 (1846).

The trial judge in reviewing the appeal from the State Board of Education, which in turn had reviewed the findings of the Whitfield County Board of Education, indicated that the decision was a close question and razor-thin point of law. "It is obvious to this Court that the payment of a 'transfer supplement' of the exact minimum amount needed to keep the Appellant's 1985-86 salary the same as it was in 1984-85 is a smug attempt to demote without going through a hearing. The transfer of the Appellant looks, smells, feels, sounds, and tastes like a *demotion.* However, under the legislative act, it meets the bare minimum legal requirements to be classified a *transfer,* rather than a demotion." (R. 26)

The majority opinion in this novel and unique area seeks to "add flesh to the bone" in the "skeletal framework" by quoting from several federal circuit cases in order to "find grist for our mill." These several federal cases, though we may find persuasive, are not binding on this court and furthermore are not exactly on point. For example, in *Norwin School Dist. v. Chlodney*, 390 A2d 328 (37 Pa. Cmwlth. 284) (1978), there was a reduction in work-time from full-time to half-time which is not the case here. In *Hayes v. Orleans Parish School Bd.*, 225 S2d 131 (La. App.) (1969), there was a reduction of work time from full-time to 9 months, which was the normal full-time work period for most teachers. The main point in the latter case is that the teacher's pay was reduced more than $200 per month, which of course would be a reduction in pay. In the instant case there was also a reduction of work-time from full-time to 9 months, but the monthly pay was subsequently the same when measured against the work hours. The actual arithmetical accuracy of the mathematical methodology under consideration is actually ascertainable, and, as stated by the trial court, meets the minimum, adequate or basic foundation for a transfer rather than a demotion.

Both the superior court and this court are required to apply the "any evidence" rule in reviewing the decision of the local board. *Ran-*

*sum v. Chattooga County Bd. of Education*, 144 Ga. App. 783 (242 SE2d 374) (1978). In this case, it was undisputed that the actual monthly salary of the appellant had not been reduced. In reviewing the matter, the superior court concluded that this evidence supported a finding that no reduction in pay had occurred. This court similarly must affirm where there is such evidence to support the local board's decision.

Unless the teacher's individual state and federal constitutional rights have been breached, courts must yield to both the local and state boards of education in providing flexibility in handling complex questions in educational areas. We should affirm the local Board of Education, the State Board of Education and the Superior Court.

I am authorized to state that Chief Judge Birdsong and Judge Pope join in this dissent.

DECIDED MARCH 13, 1987 —
REHEARING DENIED APRIL 1, 1987 — 

*Theodore G. Frankel, Michael E. Kramer,* for appellant.
*F. Gergory Melton, Timothy H. Allred,* for appellee.