## A93A2452. CLARK v. ARRAS et al.
(443 SE2d 277)

COOPER, Judge.

This appeal arises out of an action brought by plaintiff against Dr. Milton Arras, the county medical examiner, and Dr. Abram Brown, the county coroner. In her complaint, plaintiff asserted a claim for intentional infliction of emotional distress as a result of an autopsy performed on her stillborn fetus. The trial court granted summary judgment to both defendants, and this appeal follows.

In August 1990, plaintiff had a miscarriage in approximately her twentieth week of pregnancy. In March 1991, plaintiff suffered another miscarriage while in her twenty-second week of pregnancy. Because of plaintiff's history and because the second miscarriage appeared unexplained, Dr. Arras performed an autopsy on plaintiff's stillborn fetus. Plaintiff contended in her complaint that Dr. Arras, in conjunction with Dr. Brown, performed the autopsy by mistake and without her permission, causing her mental distress, pain and anguish.

1. Plaintiff argues that summary judgment should not have been granted to defendants because Dr. Arras admitted that he performed the autopsy on the wrong fetus. The record does not support plaintiff's argument. Dr. Arras explained in his deposition that some confusion arose because there was a four-week-old miscarried fetus in the morgue at the same time as plaintiff's twenty-two-week-old fetus. After performing the autopsy on plaintiff's fetus, he mistakenly put the name of the four-week-old fetus on the autopsy report. Dr. Arras further explained that the four-week-old fetus was too small to autopsy and that there was no mistake in his mind about which fetus he was to autopsy. Plaintiff attempted to rebut this evidence with her affidavit in which she stated that she was told the autopsy was supposed to have been performed on another fetus. However, plaintiff did not identify the source of this hearsay statement, and the statement referring to what she was told is not admissible evidence. See *Sarantis v. Kroger Co.*, 201 Ga. App. 552 (411 SE2d 758) (1991). Plaintiff failed to rebut defendants' evidence that the autopsy was not performed by mistake, and the trial court did not err in granting summary judgment.

2. Citing the Death Investigation Act, OCGA § 45-16-20 et seq. as authority, plaintiff also contends summary judgment was improper because the autopsy was performed without her permission. OCGA § 45-16-28 provides: "In the case of death of any person under such circumstances *as would not require a medical examiner's inquiry under Code Section 45-16-24*, any physician who is duly licensed . . . shall be deemed to have been legally authorized to perform an autopsy upon the body of a deceased person when such autopsy has

been consented to by the person assuming custody of the body for the purposes of burial. . . ." (Emphasis supplied.) Defendants argue that the autopsy was specifically authorized under OCGA § 45-16-24 (a) (6), which requires that a medical examiner's inquiry, including an autopsy (see OCGA § 45-16-27.1 (a)), be performed when any person dies "[a]fter birth but before seven years of age if the death is unexpected or unexplained." Defendants also cite OCGA § 45-16-22 (c), which provides that "[e]xcept as otherwise provided in this article, it shall be in the sole discretion of the medical examiner to determine whether or not an autopsy . . . is required." Regardless of whether a stillborn fetus is included within the term "person" for purposes of the Death Investigation Act (see *Jackson v. State*, 208 Ga. App. 391, 393-394 (2) (430 SE2d 781) (1993)), we find that plaintiff has failed to establish intentional infliction of emotional distress.

"In *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985), this court noted the four elements of the tort of intentional infliction of emotional distress set forth in the Restatement (Second) of Torts § 46, all four of which must be present in order for the claimant to recover: (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must be severe." (Citations and punctuation omitted.) *Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1) (428 SE2d 91) (1993). "It is not enough that the defendant's conduct in a given situation is intentional or that it is willful and wanton. In order to warrant recovery the conduct also must be of such serious import as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress. Otherwise, the conduct will not rise to the requisite level of outrageousness and egregiousness." (Citations and punctuation omitted.) *St. Mary's Hosp. of Athens v. Radiology Professional Corp.*, 205 Ga. App. 121, 123 (1) (421 SE2d 731) (1992). "Factors which may contribute to outrageousness and egregiousness include the existence of a special relationship in which one person has control over another, the actor's awareness of the victim's particular susceptibility, and the severity of the harm resulting from the conduct. Some claims will be found not to rise to the requisite level of outrageousness and egregiousness as a matter of law." (Citations and punctuation omitted.) *Richardson v. Hennly*, 209 Ga. App. 868, 872 (3) (434 SE2d 772) (1993). Dr. Arras testified in his deposition that he performed the autopsy because he considered the stillbirth to be suspicious and unexplained. We conclude that the actions of defendants do not rise to the necessary level of outrageousness and egregiousness as a matter of law. Since plaintiff failed to establish a claim for intentional infliction of emotional distress, the

trial court properly granted summary judgment to defendants.
*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1994 —
RECONSIDERATION DENIED MARCH 31, 1994.

*Clark & Clark, Fred S. Clark*, for appellant.
*Lane & Crowe, Donald B. Napier, Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland*, for appellees.