## A94A0094. CURRY v. DAWSON COUNTY BOARD OF EDUCATION.

(442 SE2d 919)

BEASLEY, Presiding Judge.

We granted Curry's application for discretionary appeal of an order which affirmed a decision of the State Board of Education upholding the termination of Curry's contract of employment by the Dawson County Board of Education.

OCGA § 20-2-940 (a) is a section of what is known as the Fair Dismissal Act. (Ga. L. 1975, p. 360, § 1 et seq., as amended.) It is a portion of that part of the Act which deals with termination, suspension, nonrenewal, demotion, and reprimand of teachers, principals, and other employees under definite-term contracts. Of importance here is the scope of certain authorized reasons for termination, namely: "(6) To reduce staff due to loss of students or cancellation of programs; . . . or (8) Any other good and sufficient cause."

The local board voted to eliminate the position of Director of Support Services and Security, a system-wide administrative position responsible for supervising and coordinating services provided by non-professional and non-certified employees such as bus drivers and custodians.

Curry held this position for two of the three years he had been employed by the school system. He was notified by letter that the superintendent of schools would seek to have the board terminate his

contract of employment with the school system and discharge him from employment effective at the end of the month. The letter stated that the reasons for the proposed discharge were reduction in force due to "cancellation of programs" as set forth in OCGA § 20-2-940 (a) (6) and "other good and sufficient cause" as set forth in OCGA § 20-2-940 (a) (8). The letter also stated that this action was taken as a result of a need to reduce the total amount of money allocated for administrative salaries because of budget constraints and a resulting reorganization of responsibilities and staff positions. The letter notified him of a hearing before the board.

At the hearing, the superintendent testified that this position was abolished for economic reasons. The board had been operating under a budget deficit and was in the process of building reserves as required by the State. There were also too many administrative personnel in the central office. This was the one administrative position which could be abolished and its job responsibilities reallocated among existing non-certified employees and the superintendent. Abolition of this position eliminated a salary of $51,608.64 from the school system for the 1990-91 school year, a position funded from local monies. This reduced the central office payroll by $25,000 for the 1991 fiscal year. The board voted unanimously to accept the superintendent's recommendation.

Curry appealed to the State Board pursuant to OCGA § 20-2-1160. It rejected Curry's argument that the elimination of positions does not amount to the "cancellation of programs," and it sustained the local board's decision. The State Board noted that the word "programs" is not a term of art and is defined as "a plan or system under which action may be taken toward a goal," as well as "curriculum" or "courses offered by an educational institution." See Webster's Third New Intl. Dictionary, p. 1812 (1981). The State Board ruled that in the instant case, the local board eliminated the program of administering the support staff through a single administrative position. In the State Board's view, a contrary holding would mean that a local board of education would be compelled to maintain a particular position indefinitely, once the position was created, and would be unable to experiment and determine the most efficient form of administration. The State Board noted that, contrary to Curry's argument that a position cannot be eliminated in order to economize, the underlying purpose for authority to terminate teachers due to the loss of students or cancellation of programs is precisely to economize. The State Board also held that OCGA § 20-2-943 (a) authorized the local board to terminate appellant's contract without moving him into other available positions.

1. The elimination of the system of centrally administering support services and security constituted the cancellation of an opera-

tional program under OCGA § 20-2-940 (a) (6). This resulted in the discontinuation of the position of director, warranting the termination of Curry's contract.

"It is a well established principle of law that even though an interpretation of a statute by the agency charged with the duty of enforcing it is not conclusive, it is entitled to great weight. [Cit.]" *Nat. Adv. Co. v. Dept. of Transp.*, 149 Ga. App. 334, 337 (2b) (254 SE2d 571) (1979). Even aside from this principle, we construe the statutory reason number six to cover Curry's termination. The local board did not violate the law or grossly abuse its discretion in terminating Curry's contract of employment while adding other administrative positions to perform different duties during this same time period. See generally *Walker v. McKenzie*, 209 Ga. 653, 656 (2) (74 SE2d 870) (1953).

We need not address the issue of whether elimination of this position for budgetary reasons because its job responsibilities could be performed by existing employees constitutes "other good and sufficient cause" under OCGA § 20-2-940 (a) (8).

2. Under OCGA § 20-2-943 (a) (1) (A), the board's action was authorized even without placement of Curry in another position within the school system.

Curry was offered another available administrative position at the salary designated for that position, conditioned on his release of claims against the board. The salary for the other position was $8,000 to $9,000 less than what he had been earning, and he refused to accept it at a reduction in pay. There is no evidence that there existed any administrative position in the school system comparable to the abolished position.

Curry does not gain support from *Hatcher v. Bd. of Public Ed. &c. for Bibb County*, 809 F2d 1546 (11th Cir. 1987). *Hatcher* held that a school principal whose assignment to another position by a local board constituted a demotion had a legitimate claim of entitlement to remain in a comparable position, i.e., not to be demoted. See *Ellis-Adams v. Whitfield County Bd. of Ed.*, 182 Ga. App. 463 (356 SE2d 219) (1987); OCGA § 20-2-942 (b) (1). *Hatcher* held that this legitimate claim of entitlement could not be denied without satisfying constitutional due process requirements. *Hatcher*, supra at 1552 (2). Curry, on the other hand, was terminated rather than demoted. He claimed an entitlement to remain in the same position, but the law does not require that it be continued in order to provide the holder of it with a job. Nor does it require the employer to place the employee elsewhere.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED APRIL 4, 1994.

*Husby, Myers & Stroberg, W. Allan Myers*, for appellant.
*Harben & Hartley, Phillip L. Hartley*, for appellee.