A95A0518, A95A0519. JOHNSON v. SAVANNAH COLLEGE OF ART & DESIGN, INC.; and vice versa.

(460 SE2d 308)

JOHNSON, Judge.

Christopher Johnson was hired by the Savannah College of Art & Design, Inc. (the college), as a non-tenured professor in the school's video department. During his second one-year contract, Johnson's relationship with the other four faculty members of the video department disintegrated to the point that those four members asked the college's administration to transfer Johnson out of their department. The administration complied with the request, reassigning Johnson, with no reduction in salary, to Video Works, the college's ancillary video production unit. When Johnson complained that he wanted to teach, the administration offered to arrange for him to be a visiting teacher in the Chatham County public school system in conjunction with his position at Video Works. Johnson refused these assignments. Taking the position he had been constructively fired, he brought suit against the college, claiming breach of contract and seeking damages for intentional infliction of emotional distress. The college moved for summary judgment on both claims, and Johnson responded by moving for partial summary judgment on the breach of contract claim. The trial court granted the college's summary judgment motion on the intentional infliction of emotional distress claim, denied its mo-

tion on the breach of contract claim, and granted Johnson's motion on the contract claim. Johnson appeals from the grant of summary judgment to the college on the emotional distress claim. The college appeals from the denial of its motion for summary judgment, and the grant of Johnson's motion for summary judgment, on the breach of contract claim.

### Case No. A95A0518

Four elements must be present to support a claim of intentional infliction of emotional distress: (1) The conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Clark v. Arras*, 212 Ga. App. 695, 696 (2) (443 SE2d 277) (1994). Johnson contends that at various times he felt betrayed, belittled, maligned, humiliated, and saddened. Yet none of the allegations contained in the 48 paragraph affidavit submitted by Johnson in opposition to the college's motion for summary judgment is of the sort which would arouse the resentment of an average member of the community and cause him to exclaim "Outrageous!" See *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. [Cit.]" Id. The trial court did not err in granting the college's motion for summary judgment on the issue of intentional infliction of emotional harm.

### Case No. A95A0519

We do not, however, agree with the trial court's conclusion that the college breached its contract with Johnson. The portion of the contract upon which the college relies provides: "By accepting this appointment and accompanying compensation, you commit to devote your full time for the period specified above to teaching, *and/or* service to the college, in conformity with the policy of the college. . . ." This provision recognizes that flexibility is necessary in the effective administration of a college. In a factually similar case, this court held: "The plaintiff was not terminated nor discharged nor removed from employment by the college, although [he] was assigned a position different from that in which [he] had served in the past. . . . In order for an organization as complex as a modern college to function properly, the administrator must be able to reassign people to various jobs. . . . The uncontradicted evidence discloses that plaintiff's separation from the college resulted from [his] refusal to perform the duties of [his] new assignment rather than from any breach of contract

on the part of the college." *Morris Brown College v. Walker*, 155 Ga. App. 236, 237-238 (270 SE2d 464) (1980).

The new position offered to Johnson would not force him to work under conditions so intolerable as to compel his resignation. Therefore we do not agree with the trial court's characterization of Johnson's reassignment as a demotion from faculty to staff, entitling him to judgment on a claim that he had been constructively discharged. It is true that Johnson's employment contract with the college primarily contemplated college classroom instruction. However, the new position which the college offered Johnson presents employment opportunities at the same salary and which are consistent with his training and experience. This transfer does not constitute a demotion. See *Hamilton v. Telfair County School Dist.*, 265 Ga. 304 (455 SE2d 23) (1995). See also *Rockdale County School Dist. v. Weil*, 245 Ga. 730, 732 (2) (266 SE2d 919) (1980) (construing the Georgia Fair Dismissal Law, which, although inapplicable here, is instructive for its holding that a demotion takes place only where there is a reduction in responsibility, prestige, *and* pay). Also see *Johnson v. Rogers*, 214 Ga. App. 557, 558 (2) (448 SE2d 710) (1994) (construing the Rules of the State Personnel Board, again inapplicable but instructive, in which a transfer did not constitute a demotion because appellant's class *and* pay status were unaffected). We believe the distinction between faculty and staff, which is central to the trial court's finding, is one of nomenclature, exalting form over substance. For example, a doctor may be simultaneously a "faculty" member at a school of medicine and a "staff" member at a hospital. Universities may regard untenured professors as teaching staff and tenured professors as faculty. Other universities classify associate staff employees and faculty as "academic staff" in contrast to "classified employees." Considering the nature of the new position offered to Johnson in this case as opposed to its classification, we are unpersuaded that Johnson's status as "staff" rather than "faculty" had the significance it was accorded by the trial court. Therefore, we conclude the trial court erred in awarding summary judgment to Johnson on his breach of contract claim and in denying the college's motion on the same issue. These parts of the trial court's judgment are reversed and the appeal remanded with direction that the trial court enter judgment for the college.

*Judgment affirmed in Case No. A95A0518. Judgment reversed with direction in Case No. A95A0519. Birdsong, P. J., and Smith, J., concur.*

DECIDED JULY 11, 1995 —
RECONSIDERATION DENIED JULY 24, 1995 — 

*Jones, Boykin & Associates, Harold J. Cronk*, for appellant.

*Drew, Eckl & Farnham, Arthur H. Glaser, J. Robb Cruser*, for appellee.