A98A0207. WHALEN v. ISAACS.
(504 SE2d 214)

McMURRAY, Presiding Judge.

Plaintiff Whalen filed this action for damages arising from intentional infliction of emotional distress against defendant Isaacs. The complaint alleges that plaintiff returned from an out-of-town trip to discover a message on his home telephone answering machine which stated that his dog had been found roaming free and been given a poisonous chemical, and that unless medical treatment was administered immediately, the dog would die within 24 hours; that plaintiff transported the dog to a veterinarian for diagnosis and treatment; and that at the veterinarian's it was eventually determined that in all probability a poison had not been administered to the dog.

Defendant explained that he had made the telephone call after being approached in front of his house by a man on a bicycle who informed him that he had given the dog a poisonous chemical. Defendant deposed that his intent in telephoning plaintiff was to save the life of the dog, and that he did not know the bicyclist, who rode away after lecturing him on the responsibilities of taking care of the dog.

Plaintiff presented evidence of conduct on the part of defendant both preceding and subsequent to the incident in question which amounted to displays of hostility towards the dog being permitted to escape and run free onto defendant's property. There was also evidence that defendant had not identified himself when he left the message for plaintiff.

The parties filed opposing motions for summary judgment. Defendant's motion for summary judgment was granted and plaintiff appeals. *Held*:

1. According to defendant's deposition testimony, when he was approached by the unknown bicyclist, his friend Friedman was present. Defendant filed an affidavit from Friedman which briefly corroborated portions of his deposition testimony concerning the existence of and the statements of the bicyclist. Plaintiff's motion to strike the affidavit of Friedman as untimely filed was denied. Plaintiff's first enumeration of error maintains that the state court erred in considering Friedman's affidavit. However, any such error was harmless since Friedman only corroborated the properly considered evidence contained in defendant's deposition and added nothing. Upon review of a grant of summary judgment, we are not concerned with the

weight of the evidence since this issue is reserved for a trier of fact. *Washington v. Georgia Baptist Medical Center*, 223 Ga. App. 762, 767 (3) (478 SE2d 892) (rev'd in part on other grounds, *Porquez v. Washington*, 268 Ga. 649, 652 (3) (492 SE2d 665)). See also *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (4), 638 (302 SE2d 402).

2. "Four elements must be present to support a claim of intentional infliction of emotional distress: '(1) (t)he conduct must be intentional or reckless; (2) (t)he conduct must be extreme and outrageous; (3) (t)here must be a causal connection between the wrongful conduct and the (plaintiff's) emotional distress; (and) (4) (t)he emotional distress must be severe.' (Citations and punctuation omitted.) *Clark v. Arras*, 212 Ga. App. 695, 696 (2) (443 SE2d 277) (1994). 'Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.' *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991)." *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 846 (3), 847 (479 SE2d 180).

The crux of plaintiff's claim rests upon the supposition that the initial message left by defendant was a hoax rather than an act of a good Samaritan intended to aid the dog. However, plaintiff provides no probative evidence in support of his supposition. The circumstantial evidence upon which plaintiff relies is entirely consistent with defendant's explanation that he was merely relating the statements of the unidentified bicyclist. " '(C)ircumstantial evidence has no probative value in establishing a fact when such evidence is consistent with direct and unimpeached evidence showing the non-existence of such a fact.' (Citation and punctuation omitted.) *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870, 871 (204 SE2d 814) (1974)." *Carter v. Spells*, 229 Ga. App. 441, 443 (494 SE2d 279). See also *Lane v. Spragg*, 224 Ga. App. 606, 607-608 (481 SE2d 592); *MARTA v. Mehretab*, 224 Ga. App. 263, 265-266 (1) (480 SE2d 310); *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 892 (1) (473 SE2d 213).

Defendant, being able to demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of plaintiff's case, was entitled to the grant of summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474). This is true without any consideration of the Friedman affidavit discussed in Division 1 of this opinion.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 23, 1998 —
RECONSIDERATION DENIED JULY 13, 1998 — 

*Nicholas G. Dumich*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Ian R. Rapaport*, for appellee.