28607. WAYNE COUNTY BOARD OF EDUCATION v. ANDERSON et al.

Submitted February 11, 1974 —Decided February 19, 1974.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellant.
*Albert E. Butler, Glenn Thomas, Sr.,* for appellees.
Grice, Presiding Justice. The Wayne County Board of Education sought equitable and injunctive relief in the superior court of that county against R. B. Anderson, Thera Mae Anderson and their minor son Robert Brantley Anderson, Jr., alleging that the child was required by resolution of the Board to attend fourth grade in the Odum attendance area, where he lives, but that the parents had transported him to the Orange Street Elementary School in Jesup, Georgia, which is in the Jesup attendance area, in disregard of their rules and regulations.

The trial court granted the appellees' motion to dismiss upon the ground that the complaint failed to set forth a claim for equitable relief, and the Board appeals.

We find no error.

The rule is that "One cannot invoke the aid of equity where no effort is made to exhaust administrative remedies or an adequate remedy at law is available." *Otwell v. West,* 220 Ga. 95 (137 SE2d

291); *Surrency v. Dubberly,* 225 Ga. 735 (171 SE2d 306) and cits.

In those cases, as in the one here, it is nowhere shown in the record that the parties utilized the procedure provided in Code § 32-910 (as amended Ga. L. 1969, p. 708) for determining matters of local controversy in regard to the administration of school law, either by holding a hearing at the county level or by appealing to the State Board of Education.

Thus the trial court correctly dismissed the complaint.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

GUNTER, Justice, dissenting. The appellant, a board of education, brought an action below against the appellees seeking to enjoin them "from transporting, or causing to be transported, the said Robert Brantley Anderson, Jr. to any elementary school located outside of the Odum School District for the purpose of attending school, and that the defendant Robert Brantley Anderson, Jr. be temporarily restrained and permanently enjoined from going about or attending school at the Orange Street Elementary School."

The complaint alleged that by resolution of the board of education the minor child was required to attend the Odum Elementary School, and that the parents of the minor child knowingly and in violation of the school board's regulations had "simply deposited their child . . . at the Orange Street Elementary School in the Jesup attendance area and have left him unattended and without any supervision whatsoever and are threatening constantly to follow the same procedure in the future."

The trial court dismissed the appellant's complaint for failure to state a claim, the school board appealed, and the majority has affirmed the dismissal on the ground of failure to exhaust administrative remedies.

It is my view that the complaint stated a claim, there were no administrative remedies for the appellant to exhaust, and the dismissal of the complaint by the trial court was erroneous.

The complaint alleged that the board had acted administratively in adopting regulations and that the appellees were knowingly and wilfully violating its regulations to the detriment of the school system. In this situation the appellant was not required to do anything under Code Ann. § 32-910, and it certainly could not appeal to the State Board of Education to secure enforcement of its local regulations. As I see it the school board had two avenues of procedure: (1) by the use of physical force prevent the appellees

from coming on property under its jurisdiction, and (2) seek a court order preventing same. The school board chose to do the latter, and its complaint filed in court stated a claim for relief. It should not have been dismissed by the trial judge.

I respectfully dissent.

I am authorized to state that Justices Jordan and Ingram concur in this dissent.