### 37518. EMERSON v. BIBLE et al.

GREGORY, Justice.

Appellant filed a complaint in Walker Superior Court against the County School Superintendent, Board of Education and Board members praying for an injunction. He sought to prevent an alleged demotion. He stated in his complaint that he was employed by the Board of Education as principal of the Chattanooga Valley High

School in Walker County. He alleged that he had served a total of 17 years as principal of various Walker County schools. He alleged that the superintendent informed him by letter that, during the period for which he was hired as principal of Chattanooga Valley High School, he was to be transferred. He contended in the complaint that the transfer was to a position of less responsibility and prestige, amounting to a demotion. He asserted that the action violated his rights under Code Ann. § 32-2103c. (This section requires, inter alia, notice and right to be heard before non-renewal or demotion of tenured teachers.) The appellees answered, contending the action should be dismissed. They further alleged that the action taken was not a demotion, but was a re-assignment to another position with more responsibility, the same salary, and at least equal prestige. The appellant filed an amendment in which he alleged that the County Board of Education approved the action of the superintendent and that the new position would result in an annual salary reduction of approximately $3,200. There is nothing in the record to indicate that appellant has sought a hearing before the local Board of Education or an appeal to the State Board of Education as contemplated by Code Ann. § 32-910.

The matter came on for hearing before the Superior Court but was dismissed by the court, without hearing evidence, for failure to exhaust administrative remedies.

The controversy between these parties is whether the action taken by the superintendent and approved by the Board constitutes a demotion as contended by appellant, or a reassignment as contended by appellee. If a demotion, the due process requirements of Code Ann. § 32-2103c apply. If a reassignment they do not apply. Code Ann. § 32-2104c. Local boards of education constitute tribunals for hearing matters of local controversy with right of appeal to the State Board of Education. Code Ann. § 32-910. This is such a controversy. Before seeking equitable relief it is necessary that appellant first exhaust administrative remedies and show the absence of an adequate remedy at law. *Wayne County Bd. of Education v. Anderson,* 231 Ga. 761 (204 SE2d 173) (1974). No tribunal has yet heard and determined the issue between the parties. This being a matter of local controversy in reference to the administration of school law the local board is the proper tribunal. Appellant is entitled under Code Ann. § 32-910 to be heard. If the board determines after a proper hearing that this transfer is a re-assignment, appellant will not be entitled to the rights afforded under Code Ann. § 32-2103c. If the board determines after a proper hearing that the transfer is a demotion, appellant is to be afforded those rights. *Rockdale County School District v. Weil,* 245 Ga. 730 (266

SE2d 919) (1980). The appellant has an adequate remedy at law and the trial court, therefore, did not err in dismissing the complaint. *Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1981.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*Fletcher & Womack, Ronald R. Womack,* for appellees.