## 62541. HILL v. KAMINSKY.

CARLEY, Judge.

The instant appeal is from a final order granting appellee's petition to adopt appellant's child.

1. As originally filed, appellant's answer to appellee's petition did not raise the Code Ann. § 81A-112 (b) (1) and (3) defenses of lack of subject matter jurisdiction and improper venue. At the hearing on the petition appellant made an oral motion to dismiss on both grounds and was granted leave of court to amend his answer to "raise" both defenses. Appellant enumerates as error the denial of his motion to dismiss.

Appellant's contention that his motion to dismiss was erroneously denied is premised upon the language of Code Ann. § 74-401: "The superior courts of the several counties shall have exclusive jurisdiction in all matters of adoption, except such jurisdiction as may be granted to the juvenile courts. All petitions for adoption shall be filed in the county in which the adopting parent(s) resides. . ." Appellant asserts that appellee resides in Tift County and that venue would be proper only in the superior court of that county. Consequently, appellant contends that the Superior Court of Ben Hill County, the court in which the instant petition was filed, lacked subject-matter jurisdiction. Appellee, on the other hand, urges that appellant waived his Code Ann. § 81A-112 (b) (1) and (3) defenses when he failed to raise them in his original answer or, in the alternative, that appellant's motion to dismiss was properly denied on the merits.

"A defense of . . . improper venue . . . is waived . . . if it is neither made by motion . . . nor included in a responsive pleading, as originally filed." (Emphasis supplied.) Code Ann. § 81A-112 (h) (1) (B). It is clear that in the instant case appellant did not raise the defense of improper venue by motion nor did he raise the defense in his *original* answer. Accordingly, we find that appellant waived his

Code Ann. § 81A-112 (b) (3) defense. See *Whitby v. Maloy,* 145 Ga. App. 785, 788 (2) (245 SE2d 5) (1978). This holding is not changed by the fact that subsequent to filing his answer appellant discovered a possible Code Ann. § 81A-112 (b) (3) defense and at that time amended his answer to raise it. *Price v. Prophitt,* 131 Ga. App. 23 (205 SE2d 30) (1974).

Appellant did not, however, waive his Code Ann. § 81A-112 (b) (1) defense if he in fact had one. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject-matter, the court shall dismiss the action." Code Ann. § 81A-112 (h) (3). Therefore we must address the merits of appellant's "lack of subject-matter jurisdiction" defense. " 'Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which that particular case belongs . . . [I]f the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." If the particular case falls within the general class of which the court has jurisdiction, then it is necessary to look to the particular case to find grounds for ousting the jurisdiction of the court. . .' " *Zeagler v. Zeagler,* 192 Ga. 453, 456-457 (15 SE2d 478) (1941). Code Ann. § 74-401 confers subject-matter jurisdiction upon the superior courts of this state. Therefore, even assuming that appellee was in fact a resident of Tift rather than Ben Hill County and that venue was improper in the latter county, this fact does not demonstrate that the Superior Court of Ben Hill County lacked subject-matter jurisdiction in the instant case. See *Keramidas v. Dept. of Human Services,* 147 Ga. App. 820, 822 (2) (250 SE2d 560) (1978); *Fowler v. Aetna Cas. & Sur. Co.,* 159 Ga. App. 190, 192 (2) (283 SE2d 69) (1981). The most that appellee's residency in Tift County would show is that venue was improper in Ben Hill County. See *Keramidas,* 147 Ga. App. at 823 (3), supra. Appellant having waived his "improper venue" defense for the reasons discussed above, the court did not err in denying appellant's motion to dismiss for lack of subject-matter jurisdiction.

2. Appellant enumerates as error the trial court's findings made pursuant to Code Ann. § 74-405 (b). We have reviewed the transcript of the hearing and find the evidence adduced sufficiently supports the final order of adoption. See generally *Prescott v. Judy,* 157 Ga. App. 735 (2) (278 SE2d 493) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*Harvey Davis,* for appellant.
*Ben B. Mills, Jr.,* for appellee.