A95A0457. HUGHES v. BROWNE.
(459 SE2d 170)

BLACKBURN, Judge.

Martha Browne Hughes appeals the trial court's order finding

her in contempt of the terms of the divorce decree and modifying visitation rights of her former husband, Stephen L. Browne, with respect to their six-year-old child.

1. On appeal Hughes contends the trial court erred by finding her in contempt of a vague, non-specific, and aspirational portion of her 1988 divorce decree. At the time of the parties' divorce, the trial court adopted their written agreement as part of the divorce decree. Their agreement contained the following language: "Each party shall exert every reasonable effort to maintain free access and unhampered contact between [the child] and the other party, and to foster a feeling of affection between [the child] and the other party. Neither party shall do anything which may estrange [the child] from the other party or which may hamper the free and natural development of [the child's] love and respect for the other party."

"Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the [command must therefore be express] rather than implied. . . . Indefiniteness and uncertainty in a judgment[, decree,] or order may constitute a good defense in proceedings for contempt based on the violation of such judgment[, decree,] or order." 17 AmJur2d 511-512, Contempt, § 157. Furthermore, the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain.

This case is distinguishable from those cited by Browne. In *Nolan v. Moore*, 241 Ga. 156 (244 SE2d 10) (1978), the Georgia Supreme Court determined that an order which required payment of living and maintenance expenses was enforceable by a contempt action. In *Hunnicutt v. Sandison*, 223 Ga. 301 (154 SE2d 587) (1967), the Court determined that an order which required payment of necessary and reasonable expenses for the support, maintenance, and education of a minor child was enforceable by a contempt action. Maintenance and living expenses can be calculated; however, in the present case, the divorce decree does not proscribe any certain conduct, nor does it provide definite terms or duties with which Hughes must comply. Therefore, we find that the trial court abused its discretion in finding Hughes in contempt of the indefinite language contained in her divorce decree.

2. In her second enumeration of error Hughes contends the trial court abused its discretion in modifying custody in a contempt action where movant presented no evidence as to the best interest of the child.

The original visitation order was entered when the child was six months old and limited all visitation to the mother's residence. The child is now six years old, and Browne, the child's father, now resides

in California. Nancy Aldridge, a licensed clinical social worker, interviewed the child in connection with the child's allegation that her paternal grandfather, Browne's father, had "rubbed [her] pee pee." Molestation charges were brought against Harry Browne and were nol prossed in the Recorder's Court. Aldridge testified that an increase in visitation would not be in the best interest of the child. She explained that the child was voicing anxiety and apprehension about her contact with Browne and that an increase in such contact would not be in her best interest. Although Aldridge recommended that the present visitation schedule be kept consistently in a productive and constructive manner, she admitted she was unaware that the child's mother was monitoring the father's telephone calls with the child. Aldridge conceded that such tactics would. contribute to problems the child was experiencing in visitation with her father and would impede the development of the father-daughter relationship. Aldridge testified that the child would benefit from an expanded and closer relationship with her father. The trial judge questioned Aldridge regarding her recommendation and her knowledge of the difficulties between the parents.

The determination to modify visitation is governed by the best interest of the child. *Worley v. Whiddon*, 261 Ga. 218, 219 (403 SE2d 799) (1991). "On appeal, an increase or decrease in visitation will be affirmed unless it is shown that the trial court abused its discretion. [Cits.]" *Gazaway v. Brackett*, 241 Ga. 127, 129 (244 SE2d 238) (1978). The trial court heard the testimony, observed the witnesses, and exercised its discretion in fashioning a visitation schedule which provided for initial visitation in the mother's home before allowing Browne visitation outside the home. Under these circumstances, we cannot say that the trial court abused its discretion in this matter.

3. Hughes argues that the trial court modified visitation to such an extent as to equal a modification of custody. This argument is without merit. The original divorce decree awarded custody to Hughes and provided for visitation by Browne every fourth Sunday from 3:00 p.m. to 6:00 p.m. and alternate holidays from 3:00 p.m. to 5:00 p.m., at Hughes' residence. The trial court modified visitation to allow Browne visitation on every Saturday or Sunday for which he is in Atlanta from 8:00 a.m. to 6:00 p.m. This change did not amount to a change in custody.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 18, 1995 —
RECONSIDERATION DENIED JUNE 9, 1995.

*Freisem, Swann & Malone, C. Cyrus Malone III,* for appellant.
*Rubin, Winter, Rapoport & Hall, Joseph M. Winter,* for appellee.

*Jeanney M. Kutner,* amicus curiae.