## A02A1148. EARTHGRAINS BAKING COMPANY v. BIRD et al.

(567 SE2d 59)

BLACKBURN, Chief Judge.

Durden, Kaufold, Rice & Barfield, P.C. (hereinafter "DKRB")[1] filed a petition for citation of contempt of court against attorneys Wilson Smith and Clay Ratterree. The trial court declined to hold Smith and Ratterree in contempt, finding that there was an insufficient basis for granting the petition. DKRB appeals the decision of the trial court, and we affirm.

In October 1998, Cynthia Bird and others, plaintiffs in the underlying cases, retained DKRB to represent them against Earthgrains Baking Company in four personal injury and wrongful death actions arising out of a motor vehicle accident. Plaintiffs signed a contingent fee contract with DKRB providing for a fee of one-third of any recovery. The cases were filed by Smith, then a member and principal of the DKRB law firm. On March 15, 2000, Smith withdrew from DKRB and began his own practice. On April 12, 2000, plaintiffs discharged DKRB and entered into a new contingent fee contract with Smith.

On July 17, 2000, DKRB filed an attorney lien in each of the underlying cases, asserting liens based on the original contingent fee contract with plaintiffs. On December 15, 2000, plaintiffs filed a motion to release and cancel the attorney liens on the ground that DKRB was not entitled to claim a lien on a contingent fee basis.

After a hearing, the trial court, in an order entered January 22, 2001, denied the motion to release and cancel the attorney lien. Though the trial court found that DKRB was not entitled to collect its original one-third fee based on the prior contract, it concluded that DKRB was entitled to recover from the plaintiffs the reasonable value of its services under a theory of quantum meruit. See *Yetman v. Greer, Klosik &c.*, 225 Ga. App. 397 (483 SE2d 878) (1997).

In February 2001, the plaintiffs and defendant Earthgrains Baking Company, represented by Ratterree, settled the underlying actions. Settlement funds were forwarded by Ratterree to Smith and disbursed to the plaintiffs, and Smith filed dismissals of the cases.

On September 27, 2001, DKRB filed a petition for contempt, seeking to have the trial court hold Smith and Ratterree in contempt for violating the court's order of January 22, 2001, by disbursing the settlement funds to the plaintiffs. After a show cause hearing, the trial court denied DKRB's petition for contempt of court, finding that no sufficient basis existed for granting the petition.

---

[1] Durden, Kaufold, Rice & Barfield is the successor law firm of Newton, Smith, Durden, Kaufold, Rice & Tribble, P.C. For the sake of simplicity, the acronym of the firm as presently named will be used.

1. In two enumerations of error, DKRB contends that: (1) the trial court erred in finding that the evidence and record failed to establish beyond a reasonable doubt that the acts of Smith and Ratterree constituted either misbehavior of an officer of the court in their official transactions or, in the alternative, wilfully disobeying the court's order, and (2) the trial court's failure to find Smith and Ratterree in contempt of court was a gross abuse of discretion. There is no merit to these contentions.

"An order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of contempt proceedings." *Mote v. Mote*.[2] See also *Ogletree v. Watson*;[3] *Wilson v. Chumney*.[4]

> Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. . . . Furthermore, the very nature of the proceeding[s] in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain.

(Punctuation omitted.) *Hughes v. Browne*.[5]

In this case, the trial court's order merely acknowledged the right of DKRB to recover from the plaintiffs in quantum meruit. It did not expressly command or prohibit any act on the part of Smith or Ratterree with respect to DKRB's attorney lien. Since the trial court's order may not be the basis for a contempt petition, the trial court did not err in finding an insufficient basis for granting DKRB's contempt petition.

2. Smith has filed a motion to dismiss DKRB's appeal. Our decision in Division 1 renders that motion moot.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002 —

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellant.

---

[2] *Mote v. Mote*, 214 Ga. 134 (103 SE2d 565) (1958).

[3] *Ogletree v. Watson*, 223 Ga. 618, 619 (2) (157 SE2d 464) (1967).

[4] *Wilson v. Chumney*, 214 Ga. 120 (103 SE2d 552) (1958).

[5] *Hughes v. Browne*, 217 Ga. App. 567, 568 (1) (459 SE2d 170) (1995).

*Smith & Jenkins, Wilson R. Smith, Tucker, Everitt, Long, Brewton & Lanier, Thomas W. Tucker*, for appellees.