## S07A1052. HALL v. NELSON.
(651 SE2d 72)

CARLEY, Justice.

Gerald Nelson was employed by the Atlanta Independent School System (AISS) as an elementary school principal. During the 2003-2004 school year, AISS elected not to renew his employment contract for the 2004-2005 school year. Nelson, having acquired certain rights to continued employment, requested and received a hearing pursuant to OCGA § 20-2-940 (e). An independent tribunal recommended nonrenewal of Nelson's contract, and the Atlanta Board of Education concurred in that recommendation. On appeal, the State Board of Education reversed the decision of the Atlanta Board, finding that AISS failed to carry its burden of proof, and ordering reinstatement. AISS appealed to the superior court, which upheld the State Board's decision.

Thereafter, Nelson's contract was renewed, but he was assigned to teach seventh grade math. Nelson filed a petition for mandamus against Appellant Beverly Hall in her official capacity as Superintendent of AISS. The superior court granted mandamus relief, finding that, instead of reinstating Nelson, Appellant appointed him to a teaching position at a reduced gross wage. The superior court ordered "the immediate reinstatement of Mr. Nelson to his position as principal (or a commensurate principal position within AISS) at the same gross wage . . . ." Appellant appeals from this order pursuant to our grant of an application for discretionary appeal.

1. Appellant contends that the trial court erred in rejecting her defense of insufficient service of process.

"Under OCGA § 9-11-12 (b) the defense[ ] of insufficient service . . . must be raised 'before or at the time of pleading.' [Cit.]" *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). The defense "is waived . . . [i]f it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed." OCGA § 9-11-12 (h) (1) (B). Thus, "failure to raise insufficiency of service either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of that defense. [Cit.]" *State v. Jaramillo*, 279 Ga. 691, 693 (2) (620 SE2d 798) (2005) (habeas corpus). Appellant filed her original answer on January 25, 2006. However, she failed to raise the defense of insufficient service of process therein. She first raised it two days later in an amended answer and subsequently in a motion to dismiss.

The defense of insufficient "service of process may not be pleaded by amendment to an original pleading. [Cit.]" *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 326 (233 SE2d 278) (1977). See also *McNeil v. McCollum*, 276 Ga. App. 882, 889 (3) (625 SE2d 10) (2005); *Hill v. Kaminsky*, 160 Ga. App. 630-631 (1) (287 SE2d 639) (1981).

Furthermore, a motion to dismiss which is filed subsequent to the original answer is not sufficient to preserve the defense. *Matthews v. Fayette County*, 233 Ga. 220, 221 (210 SE2d 758) (1974). "Since the defense was not raised in the [original] answer or in a motion filed with or before the answer, the defense was waived and the [trial] court was correct in refusing to dismiss the [mandamus] petition on that ground." *State v. Jaramillo*, supra.

2. More than a month after the motion to dismiss was filed and argued, Nelson moved for leave to file, in opposition to that motion and in support of the petition for mandamus, his own supplemental affidavit showing that he was earning less in his assignment as a math teacher because of a reduction in working hours. Several months later, the trial court granted the motion for leave to file the supplemental affidavit, denied Appellant's motion to dismiss and motion to strike the affidavit, and granted the writ of mandamus. Appellant urges that the affidavit was untimely, that she did not have sufficient opportunity to address it, and that it inaccurately reflected Georgia law.

Trial courts are vested with discretion to consider opposing affidavits which are not served within statutory time limits. *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111, 112 (1) (281 SE2d 583) (1981). See also OCGA § 9-11-6 (d) ("unless the court permits them to be served at some other time"); Uniform Superior Court Rule 6.2 ("[u]nless otherwise ordered by the judge"); *Durden v. Griffin*, 270 Ga. 293, 294 (1), fn. 2 (509 SE2d 54) (1998). It is not necessary for the trial court to note the exercise of its discretion on the record. *Liberty Nat. Life Ins. Co. v. Houk*, supra. Furthermore, Appellant could have responded during the eight and one-half months which elapsed between the filing of the affidavit and the trial court's rulings on the motion to dismiss and the petition for mandamus. Moreover, Appellant "does not show this [C]ourt what, if any, evidence she would have presented to the trial court if given further opportunity to respond. Thus, she fails to show any harm resulting from the trial court's ruling. [Cit.]" *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 792 (1) (476 SE2d 265) (1996). Finally, we do not find that the supplemental affidavit misrepresented Georgia law. Any deficiency in a portion of the affidavit did not render the whole affidavit defective and, in the absence of any contrary showing, it must be presumed that the trial court followed the law and disregarded any inaccurate representation thereof. See *Crowder v. Electro-Kinetics Corp.*, 228 Ga. 610, 612 (1) (187 SE2d 249) (1972); *Brankovic v. Snyder*, 259 Ga. App. 579, 583 (578 SE2d 203) (2003); *Baca v. Baca*, 256 Ga. App. 514, 518 (2) (568 SE2d 746) (2002).

3. Appellant contends that the trial court erred in granting mandamus because an adequate remedy at law was available.

One ground of the motion to dismiss was Nelson's alleged failure to exhaust his administrative remedies. OCGA § 20-2-1160 (a) provides that the local board of education shall hear and determine "any matter of local controversy in reference to the construction or administration of the school law . . . ." This provision includes disputes concerning employment contracts, reassignment, or demotion of a tenured teacher or principal such as Nelson. *Public Broadcasting Assn. v. Atlanta City School Dist.*, 265 Ga. 526 (457 SE2d 814) (1995); *Emerson v. Bible*, 247 Ga. 633, 634 (278 SE2d 382) (1981); *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 643 (1) (583 SE2d 500) (2003).

However, "[t]he general rule that mandamus does not lie where the petitioner has an adequate legal remedy is limited to cases in which the legal remedy is 'equally convenient, complete and beneficial.' [Cit.]" *North Fulton Medical Center v. Roach*, 265 Ga. 125, 127-128 (2) (453 SE2d 463) (1995). Furthermore, " '[i]mpossibility or improbability of obtaining adequate relief by pursuing administrative remedies is often a reason for dispensing with the exhaustion requirement.' [Cit.]" *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533, 539 (3) (266 SE2d 157) (1980).

> At the very heart of the functioning of a judicial tribunal is the necessity that a judicial decision maker not have a predisposition as to the matters to be adjudicated so as to impair its ability to consider the matter before it fairly and impartially.

*Glynn County Bd. of Education v. Lane*, 261 Ga. 544, 545 (1) (407 SE2d 754) (1991). The members of the Atlanta Board of Education have firmly resisted Nelson's continued employment in an administrative position. It would have been unreasonable to require of Nelson the futile act of participating in a hearing before the Atlanta Board regarding an ongoing employment dispute which had already been the subject of a formal decision by that body and of a subsequent court order. *Glynn County Bd. of Education v. Lane*, supra at 546 (1). Where, as here, "the remedy is inadequate, exhaustion is not required, [cit.], and [Nelson is] entitled to bring an action for mandamus before the Superior Court without exhausting administrative remedies." *Glynn County Bd. of Education v. Lane*, supra.

We also note that contempt was not an available remedy. The superior court's prior order on appeal from the State Board's decision merely upheld that decision, finding that AISS did not meet its burden of proof.

> "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the (command must therefore be express) rather than implied. . . ." [Cit.] Furthermore, the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain.

*Hughes v. Browne*, 217 Ga. App. 567, 568 (1) (459 SE2d 170) (1995). Compare *Griggers v. Bryant*, 239 Ga. 244 (1) (236 SE2d 599) (1977) (contempt appropriate to enforce divorce decree containing clear, though implicit, command to pay alimony or child support or to return child to custodial parent at the end of visitation period). In its previous order, the superior court simply decided an appeal from an administrative decision, and did "not proscribe any certain conduct, nor [did] it provide definite terms or duties with which [Appellant] must comply." *Hughes v. Browne*, supra.

4. Appellant further contends that the trial court erred in granting mandamus relief against her, because employment decisions are matters to be addressed solely by the Atlanta Board of Education pursuant to OCGA § 20-2-211 (a). That statute provides for employment and assignment by the local board on recommendation of its executive officer. The local school superintendent is that executive officer, and has the "duty to enforce all regulations and rules of the State School Superintendent and of the local board according to the laws of the state and the rules and regulations made by the local board that are not in conflict with state laws." OCGA § 20-2-109. "Employment contracts of teachers, principals, and other certificated professional personnel shall be in writing, and such contracts shall be signed . . . by the executive officer . . . on behalf of [the local] governing board." OCGA § 20-2-211 (a). Thus, the local board acts in employment matters through its executive officer, the local school superintendent, who must comply with state law. "[M]andamus is a personal action against a public officer, not against the office. [Cit.] Accordingly, [the Atlanta Board] is not subject to mandamus, although its [executive officer, Appellant], a named party in this action, is." *HCA Health Services v. Roach*, 263 Ga. 798, 799-800 (2), fn. 3 (439 SE2d 494) (1994).

5. Appellant asserts that the grant of mandamus divested the Atlanta Board of its authority pursuant to OCGA § 20-2-211 (a).

Mandamus "is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion. [Cits.]" *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (3) (582

SE2d 109) (2003). Nelson's prior successful appeal to the superior court established that the nonrenewal of his contract was unauthorized. Thus, he is entitled to the same rights of renewal and assignment as other principals whom AISS had employed for as long as he had been employed, and the Atlanta Board does not have any authority to prevent Appellant from complying with state law and renewing his contract in the same manner as would be required in the case of similarly situated tenured principals.

The authority of Appellant and the Atlanta Board is limited by OCGA § 20-2-942. Subsections (a) (1.1) and (a) (4) of that statute define "school administrator" and "teacher" separately, such that the latter term excludes the former. Subsection (b) provides the procedure for nonrenewal or demotion of a teacher who has accepted a school year contract for the fourth consecutive year. Subsection (c) (1) recognizes that, prior to April 7, 1995, certain school administrators, including Nelson, had acquired the same rights to continued employment under OCGA § 20-2-942 as teachers had. Such a school administrator

> shall retain such rights: (A) In that administrative position which [he] held immediately prior to such date; and (B) In any other administrative position to which [he] has been involuntarily transferred or assigned, and only in such positions shall such administrator be deemed to be a teacher for the purpose of retaining those rights to continued employment in such administrative positions.

OCGA § 20-2-942 (c) (1). As an administrator who was entitled to renewal of his contract, Nelson had a clear legal right to be assigned to an administrative position. That right is violated by assignment to a teacher's position. Compare *Hinson v. Clinch County Bd. of Education,* 231 F3d 821, 832-833 (II) (11th Cir. 2000) (issue not addressed where principal was reassigned to a non-principal administrative position); *Board of Education of Richmond County v. Young,* 187 Ga. 644, 647 (5) (1 SE2d 739) (1939) (re-assignment of principal to a teaching position did not violate a local act which did not provide any right to an administrative position). However, OCGA § 20-2-942 (c) (1) does not preclude reassignment of Nelson to an administrative position other than principal, so long as that reassignment does not constitute an unauthorized demotion as defined by OCGA § 20-2-943 (a) (2) (C). See generally *Hamilton v. Telfair County School Dist.,* 265 Ga. 304 (455 SE2d 23) (1995); *Emerson v. Bible,* supra.

We do not need to determine whether the trial court erroneously found that Nelson was demoted as a matter of law. The trial court correctly found that Nelson could not be reassigned to a teacher's

position and it properly granted mandamus relief. Appellant's complaint that the grant of mandamus would wrongly compel the undoing of acts already done is without merit, as Nelson has not already been reinstated to an administrative position. However, the language of the trial court's order requires reinstatement of Nelson "to his position as principal (or a commensurate principal position within AISS) . . . ." In fact, Nelson has a clear legal right only to an administrative reassignment which does not constitute an unauthorized demotion. Accordingly, the judgment is affirmed and the case remanded with direction that the trial court modify its order so as to clarify that Appellant is compelled to reinstate Nelson in an administrative position and not necessarily as a principal.

*Judgment affirmed and case remanded with direction. All the Justices concur, except Melton, J., who dissents.*

MELTON, Justice, dissenting.

"The law is well settled that mandamus relief is available only if the petitioner has a clear legal right to the relief sought and that there is no other adequate legal remedy." *Hall v. Madison*, 263 Ga. 73, 74 (428 SE2d 345) (1993). Thus, where the adequate legal remedy of contempt is available to coerce compliance with a prior court order, mandamus is unavailable. See *Carey Canada, Inc. v. Hinely*, 257 Ga. 150 (356 SE2d 202) (1987) ("criminal contempt [is appropriate for] impos[ing] unconditional punishment for prior acts of contumacy, whereas civil contempt [is appropriate for] impos[ing] conditional punishment as a means of coercing future compliance with a prior court order"). Because Division 3 of the majority opinion authorizes the trial court's inappropriate use of mandamus as a substitute for the adequate legal remedy of contempt to force compliance with a prior order, I must respectfully dissent.

In its October 19, 2005 order, the trial court expressly upheld the State Board of Education's decision to "order[ ] reinstatement" based on the Atlanta Independent School System's "fail[ure] to carry its burden of proof." The October 19 order thus explicitly obligated AISS to reinstate Nelson.

When AISS failed to comply with the October 19 order, the trial court attempted to coerce compliance with the order by granting Nelson's petition for mandamus. Indeed, as the trial court stated in its December 12, 2006 order granting the mandamus petition, "[t]he Court expected compliance with its Order of October 19, 2005, and demands immediate compliance now." However, the proper procedure for bringing about compliance was to hold AISS in contempt, not to prematurely grant mandamus where the adequate remedy at law of contempt still existed. See, e.g., *Cobb County v. Wilson*, 259 Ga. 685

(2) (b) (386 SE2d 128) (1989). Because the granting of mandamus here was erroneous, I must dissent.

DECIDED SEPTEMBER 24, 2007.

*Greenburg Traurig, Rodney G. Moore, Dorsey E. Hopson II, Lawrence Dietrich*, for appellant.

*Kramer & Patel, Michael E. Kramer, Borquaye A. Thomas*, for appellee.