**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 7, 2019**

# In the Court of Appeals of Georgia

A18A1936. IN THE INTEREST OF E. S. et al., children.
A18A1937. IN THE INTEREST OF E. S. et al., children.

MERCIER, Judge.

In these related appeals, the mother of ten children, K. B., K. J., Ky. J., E. S., P. S., Ril. S., R. S., Ri. S., Ro. S., and Roy. S. ("the ten children"), appeals the juvenile court's denial of her motion to dismiss a dependency petition (Case No. A18A1937) and the final disposition order entered in the case (Case No. A18A1936). However, her notices of appeal only seek review of the rulings as to the seven youngest children, E. S., P. S., Ril. S., R. S., Ri. S., Ro., S., and Roy. S. ("the children at issue"). The mother claims that her motion to dismiss should have been granted because venue was improper as to the children at issue, and there was insufficient service of process. She also claims that because the juvenile court failed

to hold a hearing within 72 hours after the children at issue were taken into protective custody, the case should have been dismissed. For the following reasons, we affirm the orders in both appeals.

The Douglas County Department of Family and Children Services (the "Department") filed a petition[1] in the Juvenile Court of Douglas County seeking to have the ten children declared dependent, alleging that the mother was homeless, the father of some of the children had touched them in a sexual manner, and that the mother was evading the Department's efforts to evaluate the children.[2] The mother was served on July 25, 2017, and the adjudication hearing took place on July 26, 2017. Following the adjudication hearing, the juvenile court entered an order finding the children dependent.

The mother filed a motion to dismiss the petition regarding the children at issue. Following a hearing on the motion to dismiss, the trial court denied the motion.

---

[1] The petition also alleged that the children were dependent as to their respective fathers. The fathers are not parties to these appeals.

[2] The appellate record does not include the original petition, but it does contain the "Amendment to Petition for Dependency" filed on May 30, 2017, and the "Second Amendment to Petition for Dependency" dated October 24, 2017.

1. The mother claims that the dependency petition should have been dismissed because venue was improper in Douglas County. A dependency proceeding may be commenced

> (1) In the county in which a child legally resides; or (2) In the county in which a child is present when the proceeding is commenced if such child is present without his or her parent, guardian, or legal custodian or the acts underlying the dependency allegation are alleged to have occurred in that county.

OCGA § 15-11-125 (a). As the Juvenile Code does not provide a specific procedure regarding a motion to dismiss for lack of venue, we look to the Civil Practice Act. OCGA § 15-11-4. As such, "[w]hen the trial court conducts a hearing and makes findings of fact on a motion to dismiss or transfer for improper venue, the findings of fact are tested by the [']any evidence['] rule." *Viskup v. Viskup*, 291 Ga. 103, 104 (1) (727 SE2d 97) (2012) (citation omitted).

While K. B., K. J., and Ky. J., were also named in the petition by the Department, the mother only filed the motion to dismiss regarding the children at issue.

A Department employee testified that the Department had difficulty locating the mother and the children at issue prior to serving the petition, and that she thought that the mother did not have stable housing. While the Department's records contained

3

addresses for the mother that included various hotels in Douglas and Cobb counties, the last address that the mother had used to receive food stamps and medicaid benefits was a Douglas County address. Further, at the hearing on the motion to dismiss, the mother admitted that Ri. S. and Ro. S., two of the children at issue, had lived in Douglas County with an aunt and attended school there, but she did not remember when that occurred. As there was evidence presented at the motion to dismiss hearing that supported the trial court's conclusion that venue was proper in Douglas County, we will not disturb the juvenile court's order denying the motion to dismiss. See *Viskup*, supra.

2. The mother also claims that the juvenile court failed to serve her at least 72 hours prior to the adjudication hearing, and therefore the court lacked jurisdiction over her due to insufficient service of process. OCGA § 15-11-161 (a) provides that summons shall be served "at least 72 hours before the adjudication hearing." The mother claims that because the summons was served less than 72 hours before the adjudication hearing, the dependency petition must be dismissed.

However, the mother failed to raise this issue in her motion to dismiss, which was her first responsive pleading. "Under OCGA § 9–11–12(b) the defense of insufficient service must be raised before or at the time of pleading. The defense is

4

waived if it is neither made by motion under this Code section nor included in a responsive pleading, *as originally filed*." *Hall v. Nelson*, 282 Ga. 441 (1) (651 SE2d 72) (2007) (citations and punctuation omitted, emphasis supplied). The mother first raised the defense of insufficient service of process in her amended motion to dismiss. "The defense of insufficient service of process may not be pleaded by amendment to an original pleading." Id. (citations and punctuation omitted). Since the defense was not raised in the initial motion to dismiss, the trial court was correct in refusing to dismiss the dependency petition on that ground. See id; *In re D. B.*, 277 Ga. App. 454, 459 (1) (627 SE2d 101) (2006) ("It was [the parents'] obligation to bring the affirmative defense [of insufficiency of service of process] to the attention of the court at the proper time if they wished to make an issue of it.") (footnote and punctuation omitted).

3. The mother also claims that the case should have been dismissed because the juvenile court failed to complete the preliminary protective hearing within 72 hours of the children at issue being removed from her custody. The children at issue were removed on October 5, 2017 and the court started a hearing the following day. At the hearing, the mother challenged the venue as to the children at issue, and did not object to the hearing being continued. The hearing resumed on October 11, 2017, wherein the

5

father of the children at issue stated that he wanted to retain an attorney, and the parties requested that the hearing be continued for two more days. The preliminary protective hearing was continued until October 13, 2017, but, at the mother's request, that hearing was used to hear evidence regarding the mother's motion to dismiss. In fact, at the hearing counsel for the mother objected to the introduction of any evidence relating to the preliminary protective hearing. Following the presentation of evidence regarding the mother's motion to dismiss, the preliminary protective hearing was continued until October 19, 2017 after a discussion with the mother and the Department's counsel regarding available dates and conflicts.

Pursuant to OCGA § 15-11-102 (a), "[a] preliminary protective hearing shall be held promptly and no later than 72 hours after a child is placed in foster care[.]" However, in any case in which a child or his or her parent "is represented by an attorney and no objection is made to an order continuing any such hearing beyond the time limit, the absence of such an objection shall be deemed a consent to the continuance," provided that the court shall not grant a continuance contrary to the interests of the child. OCGA § 15-11-110. Specifically, "[i]n considering a child's interests, the court shall give substantial weight to a child's need for prompt resolution

6

of his or her custody status, the need to provide a child with a stable environment, and the damage to a child of prolonged temporary placements." OCGA § 15-11-110 (a).

In the present matter, the mother insisted that her motion to dismiss be heard prior to the scheduled hearing on the preliminary protective order. The juvenile court heard the mother's motion to dismiss and then moved forward with the preliminary protective hearing. If the juvenile court had lacked venue over the children at issue, as asserted by the mother, the court would have lacked authority to issue an order or judgment regarding the children. See generally *Republic Title Company, LLC v. Andrews*, 347 Ga. App. 463, fn. 31 (819 SE2d 889) (2018) ("A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void."). As such, if the trial court had held the preliminary protective hearing prior to the motion to dismiss hearing, over the objection of the mother, and then later granted the motion to dismiss it would have unnecessarily delayed resolution of the children's custody status. It was reasonable for the trial court to conclude that resolving the motion to dismiss prior to conducting the preliminary protective hearing was in the children's best interest. Furthermore, the mother requested that her motion to dismiss be heard prior to the preliminary protective order being heard. "It is a well-settled appellate rule that one cannot complain of errors or rulings which his [or

7

her] own conduct procured or aided in causing." *In re R. N. R.*, 257 Ga. App. 93, 95 (2) (570 SE2d 388) (2002) (footnote omitted).

The trial court did not act contrary to the interests of the children by continuing the preliminary protective hearing, absent any objections, in order to first resolve the mother's motion to dismiss. See OCGA § 15-11-110 (a). Accordingly, the trial court did not abuse its discretion in continuing the hearing. Compare *In the Interest of I. L. M.*, 304 Ga. 114 (816 SE2d 620) (2018) (juvenile court failed to meet requirements of OCGA § 15-11-110 when it ordered a continuance for four weeks beyond the statutory period over the parents' objections for "the next available court date.").

*Judgments in both cases affirmed. Dillard, C. J., and Doyle, P. J., concur.*